165 So.2d 843

**COLLECTOR OF REVENUE, State of Louisiana**

v.

**N. B. HUNT and Caroline L. Hunt.**

No. 46841.

Feb. 24, 1964.

On Rehearing July 1, 1964.

Wilkinson, Lewis, Woods & Carmody, W. Scott Wilkinson, Shreveport, for defendants-appellants.

Albert L. Dietz, Jr., Shreveport, for plaintiff and appellee.

SANDERS, Justice.

The Louisiana Collector of Revenue instituted this action against the defendants, husband and wife, to recover an alleged income tax deficiency of $21,751.80 for the year 1953, with interest and attorney fees.

The taxpayers contested the legality of the tax assessment under the state law and, in the alternative, pleaded the unconstitutionality of the state income tax statute if it is interpreted in a manner to require payment of the tax.

The district court sustained a motion for a summary judgment in favor of the Collector. The taxpayers have appealed.

The facts are not in the dispute. The taxpayers are residents of Texas, but have business interests and income in several states, including Louisiana. In their federal income tax returns for the year 1953, the defendant taxpayers reported the following income:

Louisiana Ordinary Income $647,589.44
Non-Louisiana Ordinary
 Losses (686,140.73)
Louisiana Capital Gains 12,817.24
Non-Louisiana Capital Gains 728,626.37

In these returns the ordinary income losses offset the ordinary income in its entirety. The taxpayers ultimately paid federal income tax of $385,550.73, computed at capital gains rates on the remaining income of $741,443.71.

In their Louisiana joint income tax return of that year, the taxpayers claimed a deduction of federal income tax in the sum of $361,699.38. For the deduction, the taxpayers prorated the federal income tax in accordance with the ratio that their Louisiana net income bore to their net income from all sources, making an adjustment by using only one-half of the Louisiana capital gain income.[1]

The Collector disallowed this deduction and approved a deduction for federal income tax of only $6,664.96, applying the provisions of LSA–R.S. 47:55(4) and LSA–R.S. 47:241, as interpreted by him. He restricted the deduction to the amount of the federal capital gains tax on the Louisiana capital gains of $12,817.24. The present litigation arose from the deficiency assessment against the taxpayers.

The defendants resist the demand of the Collector on the ground that LSA–R.S. 47:-241 specifically authorizes the ratio-method of deduction used by the taxpayers. They urge that the Collector has misapplied the law. In the alternative, they contend that if the Collector has correctly interpreted the law, then the provisions of the statute are unconstitutional for they are not equal and uniform as required by Article X, Section 1 of the LSA–Constitution and, being discriminatory, violate due process under Article I, Section 2 of the Louisiana Constitution and the Fourteenth Amendment of the United States Constitution.

LSA–R.S. 47:55 provides for tax deductions from gross income in the following language:

1. In the federal income tax return, the tax is computed on 50% of the net long-term capital gains.

"In computing net income, there shall be allowed as deductions all taxes paid or accrued within the taxable year except:

＊　　＊　　＊　　＊　　＊　　＊

"(4) Any income taxes paid on net income on which no Louisiana income tax has been paid, and, on which, for any reason whatsoever, no Louisiana income tax will be paid, except income taxes attributable to a difference between credits against net income allowed by R.S. 47:79 and like credits against net income allowed in the law under which such income taxes are paid."

LSA-R.S. 47:241 provides:

"The net income of a nonresident individual or foreign corporation subject to the tax imposed by this Chapter shall be the sum of the net allocable income earned within or derived from sources within this state, as defined in R.S. 47:243, and the net apportionable income derived from sources in this state, as defined in R.S. 47:244, less the amount of federal income taxes attributable to the net allocable income and net apportionable income derived from sources in this state. The amount of federal income taxes to be so deducted shall be that portion of the total federal income tax which is levied with respect to the particular income derived from sources in this state to be computed in accordance with rules and regulations of the collector of revenue.

Proper adjustment shall be made for the actual tax rates applying to different classes of income and for all differences in the computation of net income for purposes of federal income taxation as compared to the computation of net income under this Chapter. Where the allocation of the tax is to be based on a ratio of the amount of net income from sources in Louisiana to the amount of total net income of a particular class, both the numerator and the denominator of the fraction used in determining the ratio shall be computed on the basis that such net income is determined for federal income tax purposes."

Section 55 prohibits the deduction of income taxes paid on net income on which no Louisiana income tax has been paid or will be paid. Moreover, Section 241 provides that the amount of federal income tax to be deducted shall be that portion of the total federal tax "which is levied with respect to the particular income derived from sources in this state." Hence, the law is clear that the deductible federal income tax is that paid on state-taxed income.

A review of the facts in the instant case has convinced us that no federal income tax was paid on the Louisiana ordinary income. The Louisiana ordinary income and the ordinary loss outside Louisiana offset each other for federal income tax purposes. The remaining net income was composed entirely of capital gains. This

conclusion is fortified by the fact that it was actually taxed at the alternative capital gains rate. Included in the taxed income were the Louisiana capital gains of $12,817.24. The Louisiana capital gains produced $6,664.96 of the total tax.

■ The federal tax on the capital gains from outside Louisiana is not deductible in the state return, for these gains are not taxable in Louisiana.[2]

■ The taxpayers, however, strenuously contend that all of the Louisiana income was taxed, for without the Louisiana ordinary income, their federal income tax would have been much lower. Admittedly, the federal returns reflected all of the Louisiana income. It is also true that the federal tax would have been lower in the absence of any ordinary income from Louisiana. However, the contention overlooks the important distinction between income subject to tax and income actually taxed. Here the Louisiana ordinary income was included in the federal returns, but it was offset rather than taxed. No portion of the federal tax was collected on it.

The taxpayers further urge that the allocation of the federal income tax by the Collector is harsh and inequitable because it results in assigning a disproportionate share of the federal tax to the income realized outside the state of Louisiana. However, we are here concerned with a deduction of the federal income tax paid by the taxpayers. Such a deduction is a matter of legislative grace.[3] Its allowance turns on whether it meets the statutory test, rather than on general equitable considerations.[4]

We conclude that the Collector correctly fixed the federal income tax deduction for the state return at $6,664.96.

■ Remaining for our consideration is the taxpayers attack upon the constitutionality of the law.

As we have observed, the allowance of a deduction for federal taxes is not mandatory on the Legislature. It is a matter of legislative grace. When the deduction is granted, the Legislature is vested with some discretion in fixing its design.

In W. Horace Williams Co. v. Cocreham, 214 La. 520, 38 So.2d 157, this Court rejected an attack on a similar income tax law, stating:

"The position of appellant is threefold. Initially, it is said that to deny a deduction of all or any Federal taxes paid by appellant during the taxable

2. LSA–R.S. 47:55. See also Freeman v. Collector of Revenue (La.App.) 110 So. 2d 196.
3. United States v. Olympic Radio & Television, Inc., 349 U.S. 232, 75 S.Ct. 733,

99 L.Ed. 1024; Deputy v. duPont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416.
4. Deputy v. duPont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416.

years would be to allow the Legislature to tax something other than net income and thus render the state income tax law invalid as Section 1 of Article X of the Constitution provides that 'Equal and uniform taxes may be levied upon net incomes * * '. In other words, the contention is that, if the law be construed to deny deduction for taxes in computing net income, the provision would be inimical to the Constitution permitting the levy of taxes on net incomes inasmuch as net income, as ordinarily understood, means gross income less deduction of the usual and ordinary expenses of doing business or of earning income, including taxes.

"We see no merit whatever in this proposition. The constitutional provision authorizing the levy of taxes upon net incomes plainly contemplates that the Legislature will have some discretion in defining net income by providing for deductions from gross income which will constitute such income. As long as reasonable and ordinary expenses are allowed as deductions in computing net income, the Legislature does not violate the constitutional provision."

We find no constitutional infirmity in the present statute.

We hold, as did the district court, that the defendants are indebted to the Collector for the additional income tax assessment.

For the reasons assigned, the judgment of the district court is affirmed at defendants' costs.

FOURNET, C. J., absent.

SUMMERS, J., dissents and will assign reasons.

## ON REHEARING

HAMLIN, Justice.

Rehearing was granted in this matter in order that we might consider defendants-appellants' assignment of the following errors ascribed to the opinion of this Court on original hearing:

1. The Court failed to properly construe LSA–R.S. 47:55 as modified by the provisions of LSA–R.S. 47:241.

2. The Court erred in holding that no federal income tax was paid on the Louisiana ordinary income because Louisiana ordinary income and ordinary loss outside Louisiana offset each other for federal income tax purposes.

3. The Court erred in finding that although the taxpayers' Louisiana ordinary income was included in the federal re-

turns, it was offset rather than taxed, and that no portion of the federal tax was collected on it.

4. The Court erred in ruling that the federal income tax deduction is a matter of grace and in construing the statute allowing it narrowly and strictly.

5. The Court erred in overruling the pleas of unconstitutionality filed by defendants-appellants.

In our original opinion, we concluded that the Louisiana Collector of Revenue had properly applied the provisions of LSA–R.S. 47:55(4) and LSA–R.S. 47:241 to the income of the defendants on which a Louisiana income tax was demanded, and that the method of calculating the deficiency allegedly due was correct. Our conclusions were reached after a consideration of errors assigned by the appellants to the findings of the trial court; the assertions supra are similar. On this rehearing we shall reiterate only that which is necessary for our present determination.

The exhibits of record disclose that Mrs. Hunt paid no federal income tax for the year 1953; her return reflects that she suffered a loss. N. B. Hunt chose to pay an alternative tax instead of the regular tax to the federal government; the computation of the alternative tax is reflected on his 1953 federal income tax return as follows:

"COMPUTATION OF ALTERNATIVE TAX FOR CALENDAR YEAR 1953

"Use only if you had a net long-term capital gain or an excess of net long-term capital gain over net short-term capital loss, and line 5 or 8(a), page 3, Form 1040, exceeds $14,000.

| | | |
|---|---|---|
| "16. | Enter from page 3, Form 1040, the income from line 5 * * * ........................................ [The foregoing figure reflects adjusted gross income less permissible deductions.] | $709,776.18 |
| "17. | Enter amount from line 12, column (a) * * * ........ [The foregoing figure represents 50% of long-term gain reduced by short-term loss ($1,483,103.90).] | 741,551.95 |
| "18. | Balance (line 16 less line 17) ...................... [$741,551.95 less $709,776.18] | $(31,775.77) |
| "19. | Enter tax on amount on line 18 (use appropriate Tax Rate Schedule in Form 1040 Instructions) ............ | $    None |
| "20. | * * * | $ |
| "21. | Enter 52 percent of line 17 ........................ | $385,607.01 |
| "22. | * * * | $ |
| "23. | Alternative tax (line 19 plus line 21 if separate return; * * *) ........................................ | $385,607.01 |
| "24. | Enter tax from page 3, Form 1040 * * * ............. | $626,187.04 |
| "25. | Tax liability (line 23 or 24, whichever is smaller). * * * ........................................ | $385,607.01" |

After audit by the federal Collector of Internal Revenue, the excess of net long-term capital gain over net short-term capital loss was reduced, by $108.24 to $741,443.71; the alternative tax ultimately paid was $385,550.73, a reduction of $56.28. Corrected adjusted income other than capital gains was increased to $716,706.68. These adjustments are of no moment. The normal tax, as opposed to the alternative tax, would have been approximately $626,187.04, supra.

As set forth in our original opinion, for federal tax purposes N. B. Hunt's Louisiana ordinary income of $647,589.44 was offset entirely by his ordinary losses, non-Louisiana, of $686,140.73. Of the $741,443.71 capital gains, only $12,817.24 was attributed to Louisiana. These figures were derived from N. B. Hunt's federal income tax return for the year 1953.

Defendants filed a joint Louisiana income tax return for the calendar year 1953. Set forth therein was adjusted gross income and net income for federal income tax of $718,013.10 and $692,631.43, respectively; the federal total tax liability was stated to be $385,607.01. For Louisiana tax purposes, defendants reported $683,373.49 income and then reduced this amount to *$320,674.11* by ordinary deductions and a federal tax deduction of *$361,699.38*; they computed their Louisiana income tax liability to be $16,734.46. The $361,699.38 federal tax deduction was computed on a ratio of 93.8% of the federal alternative tax of $385,607.01, supra; the ratio was computed by placing Louisiana income—federal basis—over total income—federal basis—

$$\frac{673,672.42}{718,013.10} = 93.8\%.$$

The deficiency which the Louisiana Collector of Revenue demands herein was determined as follows:

| | |
|---|---:|
| "Net Income Reported | $320,674.11 |
| "Add: Federal Tax claimed | 361,699.38 |
| Income from Partnership not reported [This amount not contested] | 7,584.89 |
| "Total | $689,958.38 |
| "Deduct Federal Tax allowed | 6,664.96 |
| "Net Income as adjusted | $683,293.42 |
| "Total Tax as adjusted | 38,486.26 |
| "Less Tax Paid | 16,734.46 |
| "Additional Tax assessed [This is the amount in dispute herein] | $ 21,751.80" |

LSA–R.S. 47:55(4) provides that in computing net income for Louisiana income tax purposes, no deduction shall be allowed for any income taxes paid on net income on which no Louisiana income tax has been paid, and, on which, for any reason whatsoever, no Louisiana income tax will be paid.

LSA–R.S. 47:241, which appears in Sub-Part F. Non-Resident Individuals and Foreign Corporations of the Income Tax Law of Louisiana, provides that the net income of a non-resident individual shall be the sum of the net allocable income earned within or derived from sources within this state and the net apportionable income derived from sources in this state less the amount of federal income taxes attributable to the net allocable income and net apportionable income derived from sources in this state.

Appellants contend that, "If Section 241 had intended that the tax had to rest specifically on identifiable Louisiana income, it would not have used the word 'attributable' which is much broader than the word 'paid'. The difference in wording between Section 55 and Section 241 is intentional and has a reason for the change in language. All of the taxes referred to in Section 55 are specific taxes and the objects to which they apply are easily identified. Their location within the taxing jurisdiction of the State is easily ascertained. On the other hand the taxation of the Louisiana income of a non-resident or foreign corporation is complicated by rules of allocation and apportionment. Furthermore the federal income tax. computation is based on a heterogeneous. mixture of all types of income from all sorts of sources. In the federal scheme the income is all thrown together, numerous deductions are made, and the net income to be taxed is not identified as income from. any particular source. All income of every nature contributes to the result and the tax is attributable to that result."

Appellants further contend that the Louisiana income has a causal connection with the alternative tax, that the large amount paid as an alternative tax can be ascribed in part to the Louisiana income which amounts to 93.96% (adjusted from 93.8%, supra) of the total income, and that this percentage of the tax is entirely attributable to the Louisiana income.

"A 'realized' gain or loss from a disposition of property, measured as discussed above, and recognized for inclusion as an item of gross income, or as an allowable deduction in the year of 'realization' is classified as ordinary or capital. Ordinary gains and losses enter into the computation of tax payable in the same manner as other items of income or deduction which are not given preferential treatment by the Code. *Gains and losses classified as capital are subject to special rules.* * * *" 26 U.S.C.A., Guide, page 73. (Emphasis ours.)

"* * * The purpose of the capital gains provisions of the Income Tax law is to relieve a taxpayer of excessive tax burdens on gains resulting from a conversion of capital investments. * * *" Sherlock v. C. I. R., 5 Cir., 294 F.2d 863, certiorari denied 369 U.S. 802, 82 S.Ct. 641, 7 L.Ed.2d 549.

"The principles of law which control are clear and not in conflict. All decisions recognize that the capital gain provision of the Revenue Law was passed for a special group of taxpayers. It was passed to relieve a taxpayer from excessive tax burdens resulting from those situations where property had been purchased for an investment, had been held for a long period of time and had greatly appreciated in value. Congress intended to give a taxpayer relief from the tax burden which would result if he were required to report the appreciated value over a long period of time as ordinary income in the year the capital asset was liquidated. Being an exception to the general rule of taxation, the provision must be narrowly construed and one who seeks the benefits of its provision must bring himself strictly within the terms of the exception. If the findings of the Tax Court find support in the record, we may not reverse because we, in the first instance, might have reached a different conclusion." Real Estate Cor-

poration, Inc. v. C. I. R., 10 Cir., 301 F.2d 423, certiorari denied, 371 U.S. 822, 83 S.Ct. 37, 9 L.Ed.2d 61.

On innumerable occasions, we have said that each case stands on its own facts and circumstances. Herein, we cannot determine or surmise what appellants' 1953 federal income tax would have been if they had had no Louisiana ordinary income to be offset by ordinary losses (suffered in other states). We cannot determine or surmise what appellants' Louisiana income tax for 1953 would be if the approximately $740,000.00 of capital gains had been realized in Louisiana and not in states other than Louisiana. The facts of this case clearly show that appellants voluntarily chose the alternative tax plan for computation and payment of their federal tax; they paid their federal tax on capital gains (other than $12,817.24) realized outside of Louisiana. Appellants accepted the relief offered them by the federal government and paid their federal tax by employing a method of calculation which is an exception to the general rule. We cannot say that the federal tax paid by appellants (93.8% of $385,-607.01, or $361,699.38) was attributable to the net allocable income or the net apportionable income derived from sources in this state; we find no causal connection between appellants' Louisiana taxable income and the alternative tax paid to the federal government. Hence, the Louisiana Collector of Revenue was correct in adding $361,699.38, the federal tax deduction claim-

ed, to $320,674.11, net income reported; he was likewise correct in employing LSA–R.S. 47:55(4) and LSA–R.S. 47:241 to complement each other.

Appellants further contend that ordinary income and capital gains are included in a taxpayer's taxable income, and that the alternative tax provisions affect only the rate of taxation. This contention might be correct in certain instances, but it is not applicable to the facts of the present matter. The circumstances here definitely reflect that N. B. Hunt paid his 1953 federal income tax on capital gains only as appears by reference to lines 17, 21, 23, and 25 of the Computation of Alternative Tax for Calendar Year 1953, supra. (52% of $741,551.95 = $385,607.01.)

As stated supra, the errors assigned herein are similar to the contentions advanced on original hearing. We find no error in our conclusions made on original hearing and see no reason to further repeat the issues.

For the reasons assigned the judgment and decree originally rendered herein is approved, reinstated, and made the final judgment of this Court.

HAMITER, J., dissents.

McCALEB, J., dissents with written reasons.

SUMMERS, J., dissents for the reasons assigned and for the reasons assigned by McCALEB, J.

McCALEB, Justice (dissenting).

After consideration of this case on two occasions, I am convinced of the correctness of the views expressed in the dissenting opinion filed by Justice Summers on first hearing and fully subscribe thereto. In amplification thereof it suffices to add that, since the Hunts admittedly had Louisiana income in 1953 (ordinary and capital gains) totalling $660,406.68, which was included in their 1953 federal income tax return and which was used in determining their federal income tax liability amounting to $385,550.73 on federal taxable income of $702,892.42 from all sources, it seems unjustifiable to conclude that only $6,664.96 of Louisiana income is *attributable* to the net allocable income of the taxpayers when, factually, $660,406.68 was employed in making the determination.

I respectfully dissent.