170 So.2d 662

**COLLECTOR OF REVENUE,**
State of Louisiana,

v.

**N. B. HUNT and Caroline L. Hunt.**

No. 46841.

March 4, 1964.

SUMMERS, Justice (dissenting).

It is my opinion that the majority, 246 La. 605, 165 So.2d 843, has committed error in approving the Collector's calculation of an income tax deficiency of these defendant taxpayers.

The Collector's interpretation of the pertinent provisions of the income tax statute. (LSA–R.S. 47:55(4) and LSA–R.S. 47:-241) attributes undue emphasis to form and too little to substance when, by his interpretation, he divides the federal income tax into two components—an ordinary tax and a capital gains tax. The U. S. Internal Revenue Code and the decisions which interpret that law make it clear that there is only one tax—a federal income tax. That tax is computed and determined by applying the various rates specified in Sections 11, 12 and 117. In like manner the Louisiana Income Tax Act in LSA–R.S. 47:241 recognizes differences in tax rates, but it does not make taxable income or tax deductions depend upon labels that may be affixed to any particular gain or profit.

In this case I start with the proposition that LSA–R.S. 47:55(4) and LSA–R.S. 47:241 are designed to obviate double taxation of Louisiana taxpayers and to encourage foreign enterprise to locate within the borders of our state by relieving it of the burden of double taxation on Louisiana income. Therefore, as was said in Gentsch v. Goodyear Tire & Rubber Co., 151 F.2d 997 (6th Cir. 1945):

"  *  *  *  the controlling principle of statutory construction is not that which requires special tax exemptions to be strictly construed, but rather the principle so often announced as not to require citation, that statutes must be so construed as to give effect of their general purpose and to implement the policy of the Congress. Relief from double taxation is not so much an act of grace as one of justice in determining the true net income of the taxpayer."

In this spirit and according to the letter of LSA–R.S. 47:241 what is meant is that a non-resident's income is divided into two classes in order to determine the allowable federal income tax deduction: (1) income from Louisiana sources and (2) income from all other sources. The deduction is determined by taking (1), Louisiana income, as the numerator and total income, (1) and (2), as the denominator and applying this ratio to the total federal income tax paid. Proper allowance must be made for

the rates applicable to the particular kind of income involved in either (1) or (2).

The Collector's position here is not supported by any authority and none has been brought to my attention. To the contrary, the authority seems to be to the effect that taxes are deductible without regard to their relation to income or capital transactions. United States v. Woodward, 256 U.S. 632, 41 S.Ct. 615, 65 L.Ed. 1131 (1921); Appeal of Logan-Gregg Hardware Company, 2 BTA 647 (1925).

The Collector's argument and the premise upon which he bases his calculations is that the federal income tax was paid only on capital gains earned from sources outside Louisiana, and second that no tax has been paid on the Louisiana income for which the deductions for federal income taxes are claimed.

This cannot be so for if no income had been realized by defendants in Louisiana the federal tax would have amounted to only $16,285.16. Because of the inclusion of the Louisiana income, a federal tax amounting to $385,550.73 was actually paid. It follows that the differences between these two amounts, or $369,265.57, was paid by these taxpayers because of their profits and gains in Louisiana. How then can it be said that no federal tax was assessed and paid on Louisiana income?

I respectfully dissent.