CARTER, Judge:
Defendants-appellants, Shirley McNamara, Secretary of Revenue and Taxation for the State of Louisiana, and Department of Revenue and Taxation, State of Louisiana, appeal the judgment of the trial court in favor of Shell Oil Company, plaintiff-ap-pellee, for certain Louisiana income taxes paid under protest for the years 1974 and 1975. The amounts at issue are $801,046.00 in taxes paid and $154,871.00 of interest paid.
Appellants argue that the trial court erred in its finding that Shell is entitled to deduct for Louisiana income tax purposes the tax paid to the Federal government on the “excess depletion”.
In denying appellants’ claims, the trial judge in excellent written reasons for judgment has fully and correctly answered the complaints the appellants made in this appeal.
We have examined the entire record and conclude that the trial judge correctly decided the case and the applicable law was correctly applied to the facts presented. We adopt his reasons as our own.
For the reasons assigned by the trial judge in his written reasons for judgment, a copy of which is attached hereto, marked “Appendix” and made part hereof, the judgment of the trial court is affirmed. The Department is cast for costs in the amount of $388.84.
AFFIRMED:
APPE NDIX
SHELL OIL COMPANY NUMBER 214,704, DIVISION “J”
VERSUS 19TH JUDICIAL DISTRICT COURT
SHIRLEY MCNAMARA, SECRETARY OF REVENUE AND TAXATION, AND DEPARTMENT OF REVENUE AND TAXATION, STATE OF LOUISIANA PARISH OF EAST BATON ROUGE STATE OF LOUISIANA
******************** *******************
WRITTEN REASONS FOR JUDGMENT
This lawsuit arises out of a dispute between Shell Oil Company and the Department of Revenue and Taxation, State of Louisiana over the amount of state income taxes Shell owes for the tax years 1974 and 1975. The dispute has its origin in the manner in which the State Department of *289 Revenue and Taxation computed the deduction for federal income taxes paid by Shell on income derived from Louisiana which Shell is entitled to receive on the state income tax Shell owes for the tax years in question.
Shell contends that it is entitled to receive a deduction equivalent to the full amount of federal income tax paid on income derived from Louisiana. The Department of Revenue and Taxation, State of Louisiana, contends that the federal income taxes paid with respect to the amount of depletion allowed by the State of Louisiana but not allowed by the federal government (referred to hereinafter as the Excess Depletion) is not deductible for Louisiana income tax purposes.
The amounts at issue in this litigation have been stipulated by and between counsel. Further it has been stipulated that if the Court should rule in favor of Shell with respect to both years in issue, then Shell is entitled to a refund of $955,917.00 consisting of interest and taxes paid, plus interest as provided by law, and that should the Court rule in favor of Louisiana, then Shell is not entitled to any refund. The amount of interest provided by law remains in dispute.
Shell bases its argument that the tax paid to the federal government on the Excess Depletion is deductible for Louisiana income tax purposes on La.R.S. 47:241, which is the governing section of Subpart F of Part II of Title 47 of the Louisiana Revised Statutes, and which sets out the manner in which the net income of corporations subject to tax by the State of Louisiana is determined. That section reads as follows:
The net income of a nonresident individual or a corporation subject to the tax imposed by this Chapter shall be the sum of the net allocable income earned within or derived from sources within this state as defined in R.S. 47:243, and the net apportionable income derived from sources within this State, as defined in R.S. 47:244, less the amount of federal income taxes attributable to the net allo-cable income and net apportionable income derived from sources in this state. The amount of federal income taxes to be so deducted shall be that portion of the total federal income tax which is levied with respect to the particular income derived from sources in this state to be computed in accordance with rules and regulations of the collector of revenue. Proper adjustment shall be made for the actual tax rates applying to the different classes of income and for all differences in the computation of net income for purposes of federal income taxation as compared to the computation of net income under this Chapter. Where the allocation of the tax is to be based on a ration of the amount of net income of a particular class, both the numerator and the denominator of the fraction used in determining the ratio shall be computed on the basis that such net income is determined for federal income tax purposes.
Shell argues that by the terms of La.R.S. 47:241 the federal income tax deduction is singled out from “all expenses, losses and other deductions” allowed by Chapter 47, and that La.R.S. 47:241 contains specific language setting out how the federal income tax deduction is to be calculated. The essential element of Shell’s version of what La.R.S. 47:241 requires in the calculation of the federal income tax deduction is contained in the last sentence of that section.
The last sentence of La.R.S. 47:241 requires that in the allocation of the federal income tax deduction the ratio of Louisiana net income to total net income is to be expressed in terms of net income as computed for purposes of federal income taxes. Thus the equation which results in the federal income tax deduction to which Shell is entitled can be expressed as follows:

*290

The dispute in this lawsuit centers around the calculation of the numerator in the above ratio, i.e. Louisiana income on a federal basis. Shell’s contention is that the numerator should be calculated in the following manner:
Louisiana income on a federal basis is equal to Louisiana net income plus items not taxed by Louisiana but taxed by the federal government, minus items not taxed by the federal government but taxed by Louisiana.
Louisiana’s contention is that the numerator should be calculated in the same manner as above but that an additional step must be added, and that step is the reduction of Louisiana net income on a federal basis by the amount of the Excess Depletion.
Louisiana bases this contention on two sources. The first of the two sources relied on by Louisiana is La.R.S. 47:55. Specifically, Louisiana points to paragraph four (4) of that statute which states that: “In computing net income, there shall be allowed as deductions all taxes paid or accrued within the taxable year except: (4) Any income taxes paid on net income on which no Louisiana income tax has been paid, ... ”. The second source which Louisiana relies on is Article 47:241.2 of the Regulations Concerning Louisiana Income Taxes, which in effect adopts the limitation on the federal income tax deduction which excludes the tax paid by Shell on the Excess Depletion.
Shell in response to the reliance of Louisiana on the above stated sources argues that La.R.S. 47:55 is not applicable to the present issue before the Court because it is contained in Sub-Part C of Part of Title 47, and because La.R.S. 47:241 specifically provides that the federal income tax deduction is not to be governed by the provision of Sub-Part C of Part I, but by La.R.S. 47:241 itself. Shell further challenges the validity of the regulations adopted pursuant to La. R.S. 47:241, specifically Article 47:241.2, to the extent that they are contradictory to and beyond the scope of La.R.S. 47:241.
In the alternative, Shell argues that if the Court should find that La.R.S. 47:55 should be considered in the computation of Shell’s federal income tax deduction, that the terms of the statute do not in fact indicate that Shell is not entitled to deduct federal income taxes paid on the Excess Depletion. The basis for this position is the specific wording of the statute which reads “on net income on which no Louisiana income tax has been paid”. Shell argues that the Excess Depletion in question is not net income on which no Louisiana income tax has been paid because the Excess Depletion is contained in the federal net income derived from oil and gas production and it cannot be said that Shell paid no Louisiana income tax on income derived from oil and gas production within Louisiana during 1974 and 1975.
It is the opinion of the Court that La.R.S. 47:241 is controlling in the determination of the dispute between Shell and Louisiana as to whether the federal income tax deduction includes federal income tax paid on the Excess Depletion. The Court in reading that statute comes to the conclusion that by its very terms it is intended to control the issue of what is to be included in the federal income tax deduction. However, it is- also the opinion of the Court that even if La. R.S. 47:55(4) is read in conjunction with La.R.S. 47:241 the result is the same, because the issue of the Excess Depletion presented to the Court for determination in this suit does not fall within the terms of La.R.S. 47:55(4) as the Excess Depletion is included in a class of net income, Louisiana oil and gas production, on which Shell has paid substantial sums in Louisiana income tax. Since La.R.S. 47:55(4) speaks only of *291 net income on which no Louisiana income tax is paid, it does not exclude the inclusion of the Excess Depletion in the calculation of the federal income tax deduction which Shell is specifically entitled to under La. R.S. 47:241.
The last sentence of La.R.S. 47:241 clearly states that the numerator of a ratio of Louisiana Net Income to Total Net Income is to be expressed on the basis that such net income is determined for federal income tax purposes. To reduce the numerator of that ratio by the Excess Depletion as has been done by the Department of Revenue and Taxation, State of Louisiana in calculating the proper federal income tax deduction to which Shell is entitled for the years 1974 and 1975, is to come into direct conflict with the above stated requirement of La.R.S. 47:241. Such a reduction is tantamount to expressing the numerator of the ratio in terms of Louisiana net income instead of Louisiana net income on a federal basis as is required by the statute.
It is also the opinion of the Court that to the extent that Article 47:241.2 of the Regulations Concerning Louisiana Income Taxes calls for such a reduction of the numerator of the above stated ratio it goes beyond the scope of the enabling statute and is in direct conflict with such statute, and is therefore invalid.
Accordingly, for these written reasons assigned, it is ordered, adjudged and decreed that judgment be rendered in favor of the plaintiff in this action, Shell Oil Company, and against the defendants, Shirley McNamara, Secretary of Revenue and Taxation, and the Department of Revenue and Taxation, State of Louisiana, and in accordance with the stipulation entered into by the parties through their counsel of record it is ordered, adjudged and decreed that the plaintiff, Shell Oil Company, be awarded $955,917.00 as a refund for taxes paid under protest for the years 1974 and 1975.
It is the opinion of the Court that the proper interest which such award is to bear from the time of payment under protest is to be computed, for each period of time, at the varying rates provided by law during that period. Thus Shell is entitled to 2% from the time of the overpayment until September 12,1975 and 6% thereafter until the refund is made.
Judgment will be signed accordingly.
Baton Rouge, Louisiana, this 29th day of January, 1981.
Steve A. Alford. Jr.
Steve A. Alford, Jr., Judge
19th Judicial District Court