MARCUS, Justice.
Shell Oil Company instituted this action against Shirley McNamara, Secretary of the Department of Revenue and Taxation, and the Department of Revenue and Taxation, State of Louisiana,[1] to recover $955,-917, consisting of Louisiana state income taxes and interest paid under protest to the Department for the taxable years 1974 and 1975,[2] together with interest thereon as provided by law [3] and all costs. The trial judge rendered judgment in favor of Shell and against the Department in the sum of $955,-917 (as per stipulation) together with interest thereon as set forth in the judgment. In his written reasons for judgment, the trial judge stated that La.R.S. 47:241 was controlling in the determination as to whether the federal income tax deduction includes federal income tax paid on the “Excess Depletion.”[4] The judge further found that even if La.R.S. 47:55(4) was read in conjunction with La.R.S. 47:241, the result would be the same. The judge also found that state income tax regulations to the contrary were invalid as being in conflict with law. The court of appeal affirmed, adopting the trial judge’s reasons as its own.[5] On the Department’s application, we granted certiorari to review the correctness of that judgment.[6]
During the years 1974 and 1975, the federal government allowed taxpayers an income tax deduction for depletion with respect to oil and gas production on their federal income tax returns. Likewise, Louisiana allowed a deduction for percentage depletion on their state income tax returns. However, the percentage depletion allowed by Louisiana was greater than that allowed by the federal government. This difference has been referred to by the parties and the courts below as “Excess Depletion.”
Shell earned income from oil and gas production in Louisiana during 1974 and 1975. During those years, Shell filed its Louisiana income tax returns in a timely manner and computed its tax liability to Louisiana in accordance with La.R.S. 47:241 which provides:
The net income of a nonresident individual or a corporation subject to the tax imposed by this Chapter shall be the sum of the net allocable income earned within or derived from sources within this state, as defined in R.S. 47:243, and the net apportionable income derived from sources in this state, as defined in R.S. 47:244, less the amount of federal income taxes attributable to the net allocable income and net apportionable income derived from sources in this state. The amount of federal income taxes to be so deducted shall be that portion of the total federal income tax which is levied with respect to the particular income derived from sources in this state to be computed *466 in accordance with rules and regulations of the collector of revenue. Proper adjustment shall be made for the actual tax rates applying to different classes of income and for all differences in the computation of net income for purposes of federal income taxation as compared to the computation of net income under this Chapter. Where the allocation of the tax is to be based on a ratio of the amount of net income of a particular class, both the numerator and the denominator of the fraction used in determining the ratio shall be computed on the basis that such next [sic] income is determined for federal income tax purposes.
In computing the amount of federal taxes that could be deducted, Shell relied on the following equation as mandated by La.R.S. 47:241:

Shell included the Excess Depletion in the numerator of the fraction. Including this figure in the numerator increased the federal income tax to be deducted from Louisiana taxable income, thereby reducing Shell’s Louisiana incomé tax liability. The Department, on audit, disallowed Shell’s method of calculating the numerator. It contended that Excess Depletion should not be included in the numerator because La. R.S. 47:55(4) must be read with La.R.S. 47:241 and La.R.S. 47:55(4) prohibits deductions where “no Louisiana income tax has been paid.” The difference in the method of calculation together with the interest was the amount stipulated ($955,917). This amount was paid under protest by Shell to the Department. The present litigation ensued.
The basic issue in this case is whether Shell (taxpayer) is entitled to deduct federal income taxes paid on federal net income on which no state income tax has been paid. If we conclude that La.R.S. 47:55(4) and 241 must be read together and, as a result the federal income taxes paid on the Excess Depletion are not deductible for Louisiana income tax purposes, we need not determine whether La.R.S. 47:241 alone would or would not permit the deduction in question.
We must first consider whether La.R.S. 47:55(4) and 241 must be read together. The courts below answered this question in the negative by finding that Section 241 was controlling. We disagree. The lower courts erred in failing to recognize our jurisprudence on this issue. While the facts of the cases hereinafter cited may be factually distinguishable from the instant case, the principles of law enunciated therein are applicable to this case.
In Johnson v. Collector of Revenue, 246 La. 540, 165 So.2d 466 (1964) (on rehearing), a taxpayer contended, as in the instant case, that the provisions of Part II, Sub-Part F of Chapter 1 (Income Tax) [presently titled “Nonresident Individuals and Corporations” — La.R.S. 47:241-247] should be read by themselves in the computation of income. This court expressly held that Sub-Part F was not a “complete system” for computing income. Rather, the provisions of the entire Chapter (Chapter 1 (Income Tax) which includes La.R.S. 47:21-299.2) must be considered together. The court stated:
It is true that Sub-part F deals with the allocation and apportionment of the income of non-residents. However, it does not purport to be complete in itself. ... As we now view it, the complete system is the entire chapter, with its interrelated provisions.
Rehearing in Johnson was denied on July 1, 1964. On the same day, this court handed down its decision in Collector of Revenue v. Hunt, 246 La. 605, 165 So.2d 843 (1964) (on rehearing). Hunt involved the same statutory construction with which we are faced in the instant case, that is, whether La.R.S. 47:55(4) and 241 should be read together. On original hearing, in holding that the two statutes should be construed together, we stated:
Section 55 [referring to La.R.S. 47:55(4)] prohibits the deduction of income taxes paid on net income on which no Louisiana income tax has been paid or will be paid. Moreover, Section 241 provides that the *467 amount of federal income tax to be deducted shall be that portion of the total federal tax “which is levied with respect to the particular income derived from sources in this state.” Hence, the law is clear that the deductible federal income tax is that paid on state-taxed income.
On rehearing, the judgment originally rendered was “approved, reinstated, and made the final judgment of this Court.” We reiterated therein that the Louisiana Collector of Revenue was correct “in employing LSA-R.S. 47:55(4) and LSA-R.S. 47:241 to complement each other.”
In Trunkline Gas Company v. Collector of Revenue, 182 So.2d 674 (La.App. 1st Cir.1965), writ refused, the court of appeal followed Hunt and held:
We find that the provisions of R.S. 47:55 and R.S. 47:241 do not conflict because R.S. 47:55 is a general provision of the statute on computation of net income, and R.S. 47:241 deals specifically with the net income of nonresident individuals and foreign corporations subject to payment of Louisiana income tax.
Thus, the courts below erred in finding La.R.S. 47:241 controlling. To the contrary, it is clear from the jurisprudence that La. R.S. 47:55(4) must be read in conjunction with La.R.S. 47:241. We adhere to this construction of the statutes.
Next, we must consider the result of reading La.R.S. 47:55(4) in conjunction with Section 241. The courts below held that even if Section 55(4) was read in conjunction with Section 241, the result would be the same, that is, federal taxes paid on the Excess Depletion would be allowed as a deduction. We disagree.
La.R.S. 47:55(4) provides in pertinent part:
In computing net income, there shall be allowed as deductions all taxes paid or accrued within the taxable year except:
(4) Any income taxes paid on net income on which no Louisiana income tax has been paid, and, on which, for any reason whatsoever, no Louisiana income tax will be paid....
Clearly, this statute prohibits the deduction of federal income taxes paid on federal net income on which no Louisiana income tax has been paid. Shell argues and the lower courts appear to have accepted that the payment of Louisiana tax on a portion of a type of income will allow a deduction of all federal income taxes paid on that particular type of income. The basis for this contention is the wording of the statute itself which provides “on which no Louisiana income tax has been paid.” Shell argues that it paid Louisiana income tax on a portion of its federal net income derived from oil and gas production in Louisiana during 1974 and 1975 even though the amount of tax was reduced because of Excess Depletion. Such an interpretation of Section 55(4) would allow a full federal income tax deduction for any type of income no matter how small the portion of that income is actually taxed by Louisiana. We reject such an interpretation. Moreover, in Hunt, supra, we held unequivocally that “the law is clear that the deductible federal income tax is that paid on state-taxed income.” Hence, federal income taxes paid on Excess Depletion is not deductible under La.R.S. 47:55(4) since it represents federal income taxes paid on income on which no Louisiana income tax has been paid.
Finally, Shell contends that if we determine that La.R.S. 47:55(4) limits the federal income tax deduction for 1975, Section 55(4) would be invalid as violative of Art. VII, § 4(A) of the Louisiana Constitution of 1974,[7] which provides in pertinent part: “Federal Income taxes paid shall be allowed as a deductible item in computing state income taxes for the same period.” A literal interpretation of this provision would enable Shell to deduct all federal income taxes paid in computing its state income tax. This would most probably result in Shell not paying any Louisiana income tax. *468 Clearly, such a broad interpretation was not intended. Shell contends the provision means: “Federal income taxes paid [on state income] shall be ... deductible.... ” The Department argues that the provision was intended to mean: “Federal income taxes paid [on net income on which state income tax has been paid] shall be . .. deductible.... ” Our review of the verbatim transcripts of the 1973 Constitutional Convention proceedings does not indicate any intention on the part of the delegates to change the law.[8] Therefore, we conclude that the intention was to constitutionalize the existing statutory law.[9] Since La.R.S. 47:55(4) prohibited a deduction for federal income taxes paid on net income on which no state income tax has been paid, Art. VII, § 4(A) did nothing to change that result.
Because judgment will be rendered in favor of the Department, we are faced with the issue of whether any attorney fees are owed by Shell under La.R.S. 47:1512. This issue was never before the courts below. Private counsel was not employed by the collector until her application for writs to this court. Moreover, it may be necessary to present evidence on this issue. Accordingly, we consider it more appropriate to remand the case to the district court for it to determine and decide the issue.
DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. Judgment is rendered in favor of Shirley McNamara, Secretary of the Department of Revenue and Taxation, and the Department of Revenue and Taxation, State of Louisiana, and against Shell Oil Company denying Shell any refund for taxes and interest paid under protest to the Department for the taxable years 1974 and 1975. The case is remanded to the district court for further proceedings not inconsistent with the views herein expressed.

. Both defendants are referred to in this opinion as the Department.

. The parties stipulated that if the court ruled in favor of Shell with respect to both years at issue, Shell would be entitled to a refund of $955,917, consisting of taxes and interest paid, plus interest as provided by law. If the court ruled in favor of the Department, Shell would not be entitled to a refund.

. The amount of interest provided by law was in dispute.

. An explanation of this term will appear later in the opinion.

. 415 So.2d 287 (La.App. 1st Cir.1982).

. 420 So.2d 977 (La.1982).

. This constitutional provision would not apply to the income during 1974 because the constitution was not effective until midnight, December 31, 1974. There was no such provision in the constitution of 1921.

. 9 Records of the Louisiana Constitutional Convention of 1973: Convention Transcripts 2835-37.

. See D. Conroy, Louisiana Constitution of 1974: Taxation, 21 Loy.L.Rev. 97 (1975).